UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY A. KEENER, | ) | CASE NO.: 1:25-CV-01013 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| RONALD LEONHARDT, JR., *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Pro se* plaintiff Jeffrey A. Keener filed this civil rights action against Ronald Leonhardt, Jr., owner of CrossCountry Mortgage; Ilya Palatnik, "Branch Owner CCM"; Tony George of Goldwater Bank, LLC; and Bobby George, owner of TownHall and Barley House. (Doc. 1.)

Plaintiff filed an application to proceed *in forma pauperis*. (Doc. 2.) The application is GRANTED. For the reasons stated herein, this case is DISMISSED.

**I.    BACKGROUND**

Plaintiff's complaint consists of disjointed and obscure allegations in an outline format. His stated basis for federal jurisdiction is "political and police influence . . . went to police multiple times. Anything to protect their evaluations." (Doc. 1 at 3.)[1] In the statement of his claim, Plaintiff states "Assault . . . paid assailant, warned not to pursue lawsuit 2 times . . . Harassment – telecommunications, personal hacked phone for years, collusion . . . Intimidation . . . Bribe by force." (*Id.* at 4.) The outline in the remainder of his complaint includes the following statements: Paid assailant told "leave lawsuit alone"; spiked drink Barley House; (PLT) Jumped TownHall; offered $100,000,000; Carlie Chepkee (sales rep CCM) trumped up

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

charges; paid ex-fiance, stripper, escort . . . to effect (PLT) life negatively; paid other females to do the same possibly; hacked phone, cable, internet . . . couldn't complete important phone calls to do with bills, lawsuit, activation of service for home; anything to negatively attack the plaintiff's good character and integrity; and "plays" to destroy me. (*Id.* at 5-6.)

Finally, Plaintiff states that his claim "stem[s] from a 1999 FBI investigation into men in and around these corporations. In an attempt to cover up their humble beginnings. These corps tried to cover this up make me go away." (*Id.* at 7.) He seeks more than $500 million in damages. (*Id.*; Doc. 4 at 22-23.)

## II.     LAW AND ANALYSIS

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (citations omitted).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.

1998). A complaint must contain either direct or inferential allegations regarding all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendants fair notice of what the Plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Twombly*, 550 U.S. at 564.

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008).

However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Additionally, the Court has discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, wholly incredible, or irrational. *Denton*, 504 at 32-33.

Here, Plaintiff's complaint fails to meet even the most liberal reading of the Rule 8 pleading standard. His complaint fails to contain any viable federal civil claims within the jurisdiction of this Court or cite to any recognized legal authority. His references to 42 U.S.C. § 1983, "2921.02," 47 U.S.C. § 223, and "Civil Code 52.1" are insufficient to invoke jurisdiction or state plausible claims for relief. (Doc. 1 at 4-6.) Plaintiff's limited factual allegations are similarly insufficient. Plaintiff therefore fails to meet the minimum pleading requirements of Rule 8, and his complaint must be dismissed.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is GRANTED, and this case is DISMISSED pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith

**IT IS SO ORDERED.**

Date: September 23, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE